**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VALICOR SEPARATION TECHNOLOGIES, LLC,
a Michigan Limited Liability Company,
                                        Plaintiff,

v.                                                        Case No. 2:15-cv-11265
                                                          Hon. Victoria A. Roberts

THREE RIVERS ENERGY, LLC,
an Ohio Limited Liability Company,
                                              Defendant.

_____

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(2) and
12(b)(3), OR IN THE ALTERNATIVE, FOR TRANSFER OF VENUE UNDER 28 U.S.C.
§§ 1404(a) AND/OR 1406(a)  (DOC. #10)**

**I. INTRODUCTION**

Plaintiff Valicor Separation Technologies, LLC ("Valicor"), sued Defendant Three

River Energy, LLC ("TRE"), to enforce a contract for industrial equipment. TRE moves

to dismiss the complaint under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil

Procedure, for lack of personal jurisdiction and improper venue. In the alternative, TRE

asks the Court to transfer the action to the United States District Court for the Southern

District of Ohio under 28 U.S.C. §§ 1404(a) or 1406(a).

The matter is fully briefed, although Valicor only responded to issues raised by

TRE under Rule 12(b)(2) and §§ 1404 and 1406. Oral argument was heard on July 23,

2015.

For the following reasons, the motion is **DENIED**.

## II. BACKGROUND

Valicor is a Michigan limited liability company which designs and sells industrial systems to recover corn oil from a fuel ethanol distilling process. TRE is a limited liability company organized under the laws of Delaware; it operates a bio-refinery plant in Ohio.

This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, to determine questions regarding TRE's purchase of Valicor's industrial equipment.

On November 18, 2013, TRE entered into a Purchase Agreement ("Agreement") for Valicor's corn oil extraction technology and industrial equipment ("VFRAC"). Under the terms of the Agreement, Valicor was responsible for delivering Valicor's VFRAC system to TRE's bio-refinery plant in Ohio.

During Valicor's installation of the VFRAC system, significant changes to the system were made, resulting in cost overruns for $2.7 million. Valicor says "any purported cost overruns were TRE's responsibility under the [Agreement]." TRE says Valicor is obligated to reimburse it for overruns.

### A. Disputed Facts

The parties dispute the extent to which TRE transacted business in Michigan. Valicor says TRE transacted business in Michigan by: (1) having a continuous business relationship with Valicor; (2) seeking out Valicor in Michigan to purchase fluid separation equipment; (3) ordering the VFRAC system, which was manufactured in Michigan; (4) leasing a Corn Oil Separation System ("COSS") from Valicor, which was manufactured in Michigan; (5) making weekly payments (at least sixty-nine) to Valicor's Michigan-based bank; (6) seeking service and support from Valicor's Michigan-based employees

regarding the COSS system; (7) contracting for long-term technical support once the VFRAC system was installed; and (8) sending multiple representatives to Michigan (at least twice) to meet with Valicor officials.

TRE says it did not transact business in Michigan because: (1) it did not have a continuous business relationship with Valicor; (2) its representatives only visited Michigan once to resolve an issue regarding the Agreement; (3) Valicor promised to deliver the VFRAC equipment, manuals, drawing, and semantics to TRE in Ohio; (4) Valicor installed the VFRAC system on site at TRE's facility in Ohio; and (5) changes to the VFRAC system were performed in Ohio. TRE also refutes Valicor's assertion that it sought out Valicor in Michigan. TRE's, Chief Operating Officer, Eamonn Byre, says that Valicor initially approached TRE to "pitch the… VFRAC system" at a workshop in Missouri.

**B. Procedural History**

On April 2, 2015, Valicor filed a Complaint against TRE in this Court for declaratory relief. On April 6, 2015, TRE filed a Complaint in the Court of Common Pleas, Coshocton County, Ohio ("Ohio Action"), asserting breach of contract, unjust enrichment, and a declaration that Valicor is responsible for cost overruns. On April 27, 2015, Valicor filed an Amended Complaint in this Court, adding a cause of action for breach of contract. On May 1, 2015, Valicor removed the Ohio Action to the Southern District of Ohio. The parties stipulated to stay the Ohio Action until this Court decides the current motion. The parties agreed that if this Court lacks personal jurisdiction over TRE, the Southern District of Ohio would have diversity jurisdiction over the dispute, and would be the appropriate venue.

## III. ANALYSIS

### A. Defendant's Motion to Dismiss For Lack of Personal Jurisdiction

TRE says that this Court lacks personal jurisdiction over it, and moves that this action be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. This Court has addressed this issue in its entirety in *A & D Tech., Inc. v. C.E.E., LLC,* No. 09-11662, 2009 WL 2448551, (E.D. Mich. Aug. 10, 2009). "In the context of a Rule 12(b)(2) motion, a plaintiff bears the burden of establishing the existence of jurisdiction." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.,* 503 F.3d 544, 549 (6th Cir. 2007) (*citing Serras v. First Tennessee Bank N.A.,* 875 F.2d 1212,1214 (6th Cir. 1989)). Thus, a "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991) (*citing Weller v. Crowmwell Oil Co.,* 504 F.2d 927, 929-30 (6th Cir. 1974)). A court reviewing such a motion may, in its discretion, decide the motion solely upon written submissions and affidavits, allow limited discovery to aid in its decision, or hold an evidentiary hearing to resolve any disputed facts. *Id.* (*citing Serras,* 875 F.2d at 1214).

In the absence of an evidentiary hearing, the plaintiff bears only a relatively slight burden to make a *prima facie* showing of jurisdiction. *Air Prods.,* 503 F.3d at 549 (*quoting Am. Greetings Corps. v. Cohn,* 839 F.2d 1164, 1169 (6th Cir. 1988)). Since there has been no evidentiary hearing, the Court must view the pleadings and affidavits in the light most favorable to Valicor, and may not rely on contradicting assertions filed by TRE. *Bird v. Parsons,* 289 F.3d 865, 872 (6th Cir. 2002) (*citing CompuServe, Inc. v. Patterson,* 89 F.3d 1257, 1262 (6th Cir. 1996)); *Theunissen,* 935 F.2d at 1459. A Rule

12(b)(2) motion may be granted only if "all the specific facts which the plaintiff alleges collectively fail to state a prima facia case for jurisdiction." *CompuServe,* 89 F.3d at 1262 (*citing Theunissen,* 935 F.2d at 1459).

### 1. Jurisdictional Standard

"A federal court sitting in diversity may assert personal jurisdiction over a nonresident defendant only to the extent permitted under the law of the forum state." *A & D Tech., Inc.* 2009 WL 2448551, at * 3 (*citing Calphalon Corp. v. Rowlette,* 228 F.3d 718, 721 (6th Cir. 2000). "In Michigan, the exercise of personal jurisdiction over a nonresident defendant is proper if (1) the defendant's actions place it within reach of Michigan's long-arm statute, and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Id.* (*citing Green v. Wilson,* 455 Mich. 342, 347, 565 N.W.2d 813 (1997)). TRE says its activities do not fall within the reach of Michigan's long-arm statute, and that the Due Process Clause is not satisfied.

"While many courts interpret Michigan's long-arm statutes to extend jurisdiction as far as due process permits, it is… necessary for this Court to first determine whether the long-arm statute permits jurisdiction to be asserted over [TRE]." *Terry Barr Sales, L.L.C. v. Amtek Metal Indus., Inc.,* No. 08-10749, 2008 WL 4449633, at *3 (E.D. Mich. Oct. 2, 2008). *See Green,* 455 Mich. At 350-51, 565 N.W.2d 813 ("The coextensive nature of Michigan's long-arm jurisdiction becomes pertinent only if the particular acts or status of a defendant first fit within a long-arm statute provision"). In a specific jurisdiction case, "a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Terry Barr Sales,*

*L.L.C.,* 2008 WL 4449633 at *4. (*quoting Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

### a. Transaction of Business Within the State

Valicor says TRE's activities are sufficient for the Court to find jurisdiction under Michigan's limited personal jurisdiction provision of Michigan Compiled Laws ("M.C.L.") § 600.735. Michigan's long-arm statute states:

> The existence of any of the following relationships between a partnership association or unincorporated voluntary association or an agent thereof and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such partnership association or unincorporated voluntary association and to enable such courts to render personal judgments against such partnership association or unincorporated voluntary association arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state;
>
> (2) – (5) …

M.C.L. § 600.735.

The Michigan Supreme Court has interpreted the term "any business" to include "the slightest" transaction of business. *Sifers v. Horen,* 385 Mich. 195, 199 n. 2, 188 N.W.2d 623 (1971). "The word 'any' means just what it says. It includes 'each' and 'every.' It comprehends 'the slightest.'" *Id.* "Since the statute fails to define 'transacting business,' Michigan courts rely on dictionary definitions of these terms. Transaction is

6

defined as 'to carry on or conduct (business, negotiations, etc.) to a conclusion or settlement. Business is defined as 'an occupation profession, or trade… the purchase and sale of goods in an attempt to make a profit." *Terry Barr Sales, L.L.C.,* 2008 WL 4449633 at *4 (*citing Oberlies v. Searchmont Resort, Inc.,* 246 Mich.App. 424, 430, 633 N.W.2d 408 (2001)).

TRE cites *In-Flight Devices Corp. v. Van Dusen Air, Inc.* 466 F.2d 220, 226 (6th Cir. 1972), to support its position that Michigan's long-arm statute does not confer jurisdiction over it. In *In-Flight Devices Corp.,* the Sixth Circuit held that the "any business" requirement is not satisfied unless "obligations created by the defendant or business operations set in motion by the defendant have realistic impact on the commerce of the state." *In-Flight Devices Corp.,* at 466 F.2d at 226. *In-Flight Devices Corp.*, however, is distinguishable from, and inapplicable to, this case. In *In-Flight Devices Corp.*, the Sixth Circuit's interpretation of the "any business" requirement relates to Ohio's long-arm statute, not Michigan's. Thus, the Sixth Circuit's interpretation of "any business" in *In-Flight Devices Corp.* is not helpful to this Court.

The Sixth Circuit made clear that "a court disposing of a 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal." *Theunissen,* 935 F.2d at 1459 (*citing Serras,* 875 F.2d at 1214). This rule was adopted to "prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *Id.* Thus, after viewing the pleading and affidavits in the light most favorable to Valicor, and relying on Michigan's interpretation of "transaction of any business," TRE's contacts with Michigan fall within the broad standard.

TRE transacted business within Michigan by: (1) ordering the VFRAC system, which was manufactured in Michigan; (2) leasing the COSS system, which was manufactured in Michigan and has generated $3.57 million in corn oil revenue for TRE to date; (3) making $1.07 million in lease payments (at least sixty-nine) to Valicor's Michigan-based bank; (4) seeking services and support from Valicor's Michigan-based employees regarding the COSS system; (5) contracting for long-term technical support once the VFRAC system was installed; and (6) sending multiple representatives to Michigan (at least twice) to meet with Valicor officials regarding the VFRAC system. There can be no question that TRE's contacts with Michigan qualify as business transactions.

### b. Relation of Plaintiff's Claims to Defendant's Activities

A court may not assert specific jurisdiction over a defendant unless the cause of action arises from the transacted business. In *Lanier v. American Board of Endodontics,* 843 F.2d 901, 908 (6th Cir. 1988), the court described two theories under which this requirement could be met. First, a plaintiff's claim may be deemed to arise out of defendant's actions if they were "made possible only by [defendant's] transaction of business with [plaintiff]."*Id.* at 909 (*quoting In-Flight Devices Corp.,* 466 F.2d at 231). Second, "if a cause of action lies in the 'wake of the business transaction it arises from it.'" *Id.* at 909 (*citing In re: Oil Spill by Amoco Cadiz off Coast of France,* 699 F.2d 909, 915 (7th Cir. 1983), *cert denied,* 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 172 (1983)).

Valicor's Amended Complaint lists two causes of action: (1) declaratory relief; and (2) breach of contract. Both claims result from TRE agreeing to purchase a VFRAC system from Valicor. "Without the [a]greement, [Valicor] would have no basis upon

which to seek relief." *Terry Barr Sales, L.L.C.,* 2008 WL 4449633 at *6. Thus, Valicor's

claims "arise from [TRE's] contacts in Michigan, and the second prong of M.C.L. §

600.735 is met. *Id.*

## 2. Due Process Considerations

Even if TRE's contacts place it within the reach of Michigan's long-arm statute,

the Court may not exercise personal jurisdiction if doing so would violate the Due

Process Clause of the United States Constitution. Personal jurisdiction over a non-

resident defendant arises from "certain minimum contacts with [the forum] such that

maintenance of the suit does not offend 'traditional notions of fair play and substantial

justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95

(*quoting Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

### a. Specific Jurisdiction

The Sixth Circuit applies a three-part test to determine whether specific

jurisdiction can be exercised over a non-resident defendant:

> First, the defendant must purposefully avail himself of the privilege
> of acting in the forum state or causing a consequence in the forum
> state. Second, the cause of action must arise from the defendant's
> activities there. Finally, the acts of the defendant or consequences
> caused by the defendant must have a substantial enough
> connection with the forum state to make the exercise of jurisdiction
> over the defendant reasonable.

*Air Prods.,* 503 F.3d, at 550 (*quoting S. Mach v. Mohasco Indus., Inc.,* 401 F.2d 374,

381 (6th Cir. 1968)). The finding of the first two elements creates an inference that the

third factor is also met. *CompuServe,* 89 F.3d at 1268. "Failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enter.,* 885 F.2d 1293, 1303 (6th Cir. 1989).

### b. Purposeful Availment

To establish purposeful availment, Valicor must show that TRE had sufficient "minimum contacts with [the forum state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe, 326* U.S. at 316 (1945) (*quoting Miliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 393, 85 L.Ed. 278 (1940)). The purposeful availment requirement ensures that "'random,' 'fortuitous,' or 'attenuated' contacts do not cause a defendant to be haled into a jurisdiction." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The Supreme Court has often repeated that unilateral actions by a plaintiff claiming a relationship with a non-resident defendant "cannot satisfy the requirement of contact with the forum state." *Helicopteros Nacionales,* 466 U.S. 417; *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Nevertheless, purposeful availment does not require that the defendant be physically present in the forum state. *Burger King,* 471 U.S. at 476. Rather, "[j]urisdiction is proper ... where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *Id.* at 475. (*citing McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)).

The Supreme Court discussed the exercise of personal jurisdiction with respect to interstate contractual relations. In *Burger King*, the Court declared "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of

10

another state' are subject to regulation and sanctions in the other State for the consequences of their activities." 471 U.S. at 473 (*quoting Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 94 L.Ed. 1154 (1950)). One contract alone, however, does not establish sufficient minimum contacts in the forum state. *Id.* at 478. The court must consider other factors such as "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.*at 479.

Where a defendant enters into a business relationship with a resident of the forum state, jurisdiction cannot be avoided simply because the defendant did not physically enter the forum in furtherance of the business relationship. *Burger King,* 471 U.S. at 476. "[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted." *Id.* at 476. The Sixth Circuit found purposeful availment where a non-resident defendant "transacts business by negotiating and executing a contract via telephone calls and letters to a resident of the forum state." *Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir. 1998). Once a defendant directs its commercial activities towards residents of the forum state, an absence of physical contacts cannot defeat jurisdiction in the forum. *Burger King,* 471 U.S. at 476.

"The question of which party solicited the business interface is irrelevant, so long as [a] defendant… directed its activities to the forum resident." *Lanier v. Am. Bd. Of Endodontics,* 843 F.2d 901, 910 (*citing S. Mach.,* 401 F.2d at 382.). In *Southern Machine,* the Supreme Court held that once a non-resident defendant made a

purposeful decision to deal with a resident in the forum state, the district court sitting in the forum state may exercise jurisdiction over the non-resident. *S. Mach.,* 401 F.2d at 382.

In contending that it did not purposefully avail itself to Michigan, TRE says that its contacts with Michigan "reflect the unilateral actions of Valicor, which include: (1) Valicor's decision to be located in Michigan, where it manufactures and sells equipment, and houses its service technicians and other employees; and (2) Valicor's maintenance of a bank account in Michigan into which contract payments are made."

*Southern Machine* makes clear that once a non-resident defendant makes a purposeful decision to deal with a resident in the forum state, the district court sitting in the forum state may exercise jurisdiction. Additionally, where a defendant intentionally enters into a substantial contractual relationship with an entity known to be a resident of the forum state, a plaintiff is protected from assertions that it acted unilaterally. *In-Flight Devices,* 466 F.2d at 228.

Even if this Court accepts TRE's assertion that Valicor made the unilateral decision to be located in Michigan and has a bank account in Michigan, TRE purposefully directed its activities towards Michigan for several years before controversy developed between these parties. TRE on multiple occasions reached across state lines and requested services and support for the COSS system from Valicor's Michigan-based employees. In requesting the services and support, TRE requested Michigan manufactured replacement parts to the COSS system, clearly establishing that TRE purposefully availed itself to Michigan.

TRE also purposefully availed itself to Michigan because it created substantial

business obligations with Valicor once it agreed to pay for two years worth of technical support. "In [the Sixth Circuit], one has 'acted' so as to transact business in a state 'when obligations created by the defendant or business operations set in motion by the defendant have a realistic impact on the commerce of that state.'" *In-Flight,* 466 F.2d at 226. Although TRE argues that the two-year technical support is "insufficient to establish a continuous ongoing relationship sufficient to confer jurisdiction," Valicor was obligated to provide such support, thus requiring it to send its Michigan-based employees to Ohio. In providing support to TRE, Valicor would be obligated to manufacture "made-to-order equipment worth several million dollars." TRE could not be ignorant of the substantial consequences to the commerce of Michigan when it entered into the contract.

Finally, the Agreement contains a choice of law provision, stating that Michigan law governs. *Webasto Products N. Am. V. A.A. Mabru, Inc.* No. 10-CV-13063, 2011 WL 499134, at *7 (E.D. Mich. Feb. 8, 2011). "While the existence of the provision is certainly not dispositive of the matter, it weighs in favor of exercising jurisdiction over [TRE]." *Id.*

For these reasons, this Court finds that TRE purposefully availed itself of the Michigan forum.

### c. Claims "arise from" Defendant's Activities in the Forum

Due process mandates that Valicor's claims properly "arise from" TRE's in-state actions. This requirement is met as long as "[D]efendant's contacts with the forum state are related to the operative facts of the controversy." *Compuserve,* 89 F.3d at 1267. The Sixth Circuit notes that this is a "lenient standard." *Air Prods.,* 503 F.3d at 553.

13

Plaintiff's cause of action need not "formally 'arise from' defendant's contacts with the forum;" instead it suffices that it "have a substantial connection with the defendant's in-state activities." *Third Nat'l Bank v. WEDGE Grp.,* 882 F.2d 1087, 1091 (6th Cir. 1989); *S. Mach.,* 401 F.2d at 384 n. 27.

The Agreement is TRE's connection to Michigan and Valicor's claims all relate to the Agreement. "[I]f the cause of action is for breach of th[e] contract [by which the defendant has availed itself of the forum state,] then the cause of action naturally arises from the defendant's activities in [the forum]." "[I]f the cause of action is for breach of th[e] contract [by which the defendant has availed itself of the forum state,] then the cause of action naturally arises from the defendant's activities in [the forum]." *Cole,* 133 F.3d at 436 (*citing CompuServe,* 89 F.3d at 1267; *In-Flight Devices,* 466 F.2d at 229).

Valicor's claims "arise from" TRE's activities in Michigan.

### d. Reasonable Exercise of Jurisdiction

In the last step of the analysis, the Court must determine whether the exercise of jurisdiction is reasonable on the facts of this case. *S. Mach.,* 401 F.2d at 381. Since the "purposeful availment" and "arising from" elements are met, Defendant's burden is increased to rebut this part of the test. *See Air Prods.,* 503 F.3d at 554 ("[W]here, as here, the first two criterion are met, 'an inference of reasonableness arises' and 'only the unusual case will not meet this third criteria.'") (*citing Theunissen,* 935 F.2d at 1461).

TRE's bio-refinery plant is located in Coshocton, Ohio, and all of its witnesses reside in Ohio. They will experience a relatively slight burden to travel to Michigan for this litigation. And, although it may be a burden for TRE to transport physical evidence, Michigan has an interest in protecting a company whose principal place of business is in the state.

Because there is an inference of reasonableness when the "purposeful availment" and "arising from" prongs are satisfied, and because this Court must not consider any controverting assertions of TRE in deciding this motion without an evidentiary hearing, the exercise of jurisdiction is reasonable under the circumstances. *A & D Tech., Inc.* 2009 WL 2448551, at * 8.

**B. TRE'S MOTION TO TRANSFER VENUE**

Under 28 U.S.C. § 1404(a), a court may transfer an action as long as "(1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties." *Kepler v. ITT Sheaton Corp.,* 860 F.Supp. 393, 398 (E.D. Mich.1994). There is no question this action could have been brought in Ohio.

Courts consider the following factors when reviewing the second and third elements:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*IFL Group v. World Wide Flight Services,* 306 F.Supp.2d 709, 712 (E.D. Mich. 2004)(*citing Overland, Inc. v. Taylor,* 79 F.Supp.2d 809, 811 (E.D. Mich. 2000)).

Defendants bear the burden to show that a venue transfer is appropriate, but "mere assertions or speculation, without evidence, are insufficient to meet this burden." *Id.* at 714. The moving party must show that the balance of factors weighs strongly in favor of transfer. *Steelcase, Inc. v. Smart Techs, Inc.,* 336 F.Supp.2d 714, 719 (W.D.Mich.2004). Finally, Valicor's choice of Michigan as the forum for this litigation deserves significant consideration, and should not be disrupted unless the balance of factors strongly favors transfer to Ohio. *West American Insurance Co. v. Potts,* No. 89– 6091, 1990 U.S.App. LEXIS 12513, at *6, 1990 WL 104034 (6th Cir. July 25, 1990) (unpublished) (*citing Nicol v. Koscinski,* 188 F.2d 537 (6th Cir.1951)).

### 1. Convenience of the Parties and Witnesses

Under § 1404(a), transfer of venue is appropriate for a more convenient forum, not to a forum likely to prove equally convenient or inconvenient. *Van Dusen v. Barrack,* 376 U.S. 612, 645–46, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).  The moving party must show that the balance of convenience is strong to justify a transfer of venue. *Holiday Rambler Corp. v. Am. Motors. Corp.,* 254 F.Supp. 137, 139 (W.D.Mich.1966). A transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. *Sullivan v. Tribley,* 602 F.Supp.2d 795, 800 (E.D.Mich.2009).

TRE moves to transfer this action to the Southern District of Ohio. However, it fails to adequately demonstrate it would be less convenient to travel to Michigan for litigation than for Valicor to travel to Ohio. TRE's witnesses all reside in Ohio, while members of its leadership team reside in Chicago, Illinois, which are both in proximity to Michigan. In fact, TRE's Minnesota-based co-counsel will have to travel to either forum for litigation.

TRE notes that expert witnesses will have to visit TRE's plant in Ohio to inspect the VFRAC system, which justifies a transfer of venue. Notwithstanding where litigation takes place, TRE's expert witnesses will have to travel to its Ohio plant to inspect the system. Thus, the balance of convenience is not strongly in favor of TRE to justify transfer.

### 2. Locus of Operative Facts

"[L]itigation 'should proceed in that place where the case finds its center of gravity…'" *Buchanan v. Metz*, No. 2:12-CV-15511, 2013 WL 3387803, at *4 (E.D. Mich. July 8, 2013) (*quoting Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 751 (E.D. Mich. 2004)). TRE says that substantial actions took place in Ohio, not Michigan. Valicor, however, provides affidavits showing that on two occasions, TRE sent representatives to Michigan to meet with Valicor's representatives on the VFRAC system. Valicor also provided evidence that the VFRAC system would be manufactured in Michigan before being transported to Ohio. Considering that the facts are in dispute, the locus does not favor one venue over the other.

### 3. Location of Relevant Documents and Physical Evidence

The location of documents is of little consequence in determining venue, but the location of physical evidence should be given more weight. "While 'the location of physical evidence such as the wreckage of a crashed plane ought to be given more weight in the balancing analysis under § 1404(a)', 'the location of documentary evidence is a minor consideration.' " *Id.* (*citing U.S. v. Cinemark USA, Inc.,* 66 F.Supp.2d 881, 890 (N.D.Ohio 1999)). Documents may easily be sent by mail, copied, or faxed to a remote location. *Cinemark,* 66 F.Supp.2d at 890.

17

TRE says all of the physical evidence necessary for it to present a defense is located in Ohio and cannot be moved to Michigan without "exceptional expenses and damages to TRE's Ohio plant."

Even if this action were transferred to the Southern District of Ohio, TRE would have to move the physical evidence for it to be presented in litigation. Thus, TRE did not meet its burden on this factor. *IFL Group,* 306 F.Supp.2d at 714.

### 4. Weight Accorded Plaintiff's Choice of Forum

Typically, courts give "great weight" to a plaintiff's choice of forum. *HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1307 n. 2 (Fed.Cir.1999). The Sixth Circuit holds that "unless the balance is strongly in favor of the defendant," a plaintiff's choice of forum "should rarely be disturbed. *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508 (1947).

Since TRE failed to meet the burden in favor of transferring this action to the Southern District of Ohio, the Court upholds the choice of forum provision in the Agreement.

## IV. CONCLUSION

Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the alternative, for Transfer of Venue is **DENIED.**

**IT IS ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 23, 2015

18

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 23, 2015.

s/Linda Vertriest
Deputy Clerk